UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ZACHERY ARRANT ET AL | : | CASE NO.  2:21-CV-03569 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| STANDARD CRANE & HOIST LLC | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court are a motion to compel [doc. 49] filed by plaintiffs Zachery Arrant, Taylor Arrant, Grace Arrant, and Jackson Arrant, and a motion for protective order [doc. 55] filed by defendants Standard Crane & Hoist, LLC ("Standard Crane"), Austin David ("David"), and Cody Shelton ("Shelton").  Plaintiffs seek to take the depositions of defendants Shelton and David in their individual capacities, after having already deposed them as corporate representatives of Standard Crane.  Doc. 49.  Defendants oppose and seek a protective order disallowing the depositions.  Docs. 51, 55.  Defendants also seek fees and expenses associated with their motion.  Doc. 55.  Both motions have been fully briefed and are ripe for review.  On March 29, 2023, the undersigned conducted a telephone hearing on both matters.

Having considered the parties' arguments, and for the following reasons, it is hereby **ORDERED** that the Motion to Compel [doc. 49] is **GRANTED IN PART** to allow plaintiff to take individual depositions of Shelton and David to address topics not already addressed by their prior testimony.

It is further **ORDERED** that the Motion for Protective Order [doc. 55] is **GRANTED IN PART** to preclude plaintiff from addressing topics already addressed in Shelton's and David's

prior testimony; with this prohibition to include questioning regarding the day of the accident. The motion for attorneys' fees [doc. 55] is **DENIED**.

Plaintiff is cautioned to restrict questioning appropriately to minimize the burden on the deponents.

## I.
### BACKGROUND

On August 16, 2021, Standard Crane & Hoist, LLC performed load testing on overhead cranes at Fort Polk. Doc. 1, att. 2, p. 2, ¶ 4. Standard Crane employees Cody Shelton and Austin David operated equipment to perform the testing. *Id.*, ¶¶ 5-6. During the load testing, rigging that suspended a metal beam failed, causing the beam to swing down and strike Arthur Arrant, who later died. *Id.*, ¶7. Plaintiffs sued Standard Crane, Shelton, and David. *Id.*, ¶10.

Plaintiffs sought to take the corporate deposition of Standard Crane, and defendants designated Shelton, David, and a third individual as corporate deponents. Plaintiffs took the corporate deposition of Standard Crane on August 10, 2022, and Shelton and David testified about their background and training, facts leading up to the accident and the accident itself, and events after the accident. Doc. 51, att. 1 (deposition of Standard Crane). Thereafter, plaintiffs proposed "fact depositions" of Shelton and David in their individual capacities, to which defendants objected because Shelton and David had already been deposed.

## II.
### THE PARTIES' ARGUMENTS

Plaintiffs argue that they should be able to take the depositions of Shelton and David in their individual capacities because both Shelton and David are parties to this litigation in their individual capacities. Doc. 49, att. 2, p. 1-2. Plaintiffs also cite to law from this circuit supporting

the proposition that no rule prohibits a person from being deposed in his individual capacity after he has already testified as a corporate deponent. *Id.*, p. 2-3.

Defendants argue that the 30(b)(6) depositions of Shelton and David were wide ranging and covered topics outside the scope of the corporate deposition topics, such that Shelton and David have already testified in their individual capacities. Doc. 51, p. 2-4. Defendants suggest that Plaintiffs have not shown good cause to re-depose Shelton and David, have not indicated what new ground the second depositions will cover, and that second depositions would be unnecessarily cumulative, potentially harassing and unfair. *Id.* at 4-5.

At telephonic hearing on these motions, plaintiffs clarified that they have no intention to revisit prior testimony, and that the new subjects they intend to address include defendants' relationships with Mr. Arrant and their conversations with his family members, which would not have been covered in the corporate deposition of Standard Crane.[1]

### III.
### LAW AND ANALYSIS

In keeping with the line of cases from this circuit cited by plaintiff, we determine that plaintiffs may take the individual depositions of Shelton and David to cover topics not covered in the initial Rule 30(b)(6) dispositions, but that plaintiffs are to restrict their questioning appropriately to minimize duplication and reduce the burden on defendants Shelton and David.

Plaintiff cites to a line of Fifth Circuit cases holding that "'there is no prohibition on deposing a witness as a corporate representative and then in an individual capacity.'" *Garcia v. City of Amarillo, Texas*, No. 2:18-CV-95-Z-BR, 2019 WL 11250160, at *3 (N.D. Tex. Sept. 26,

---

[1] Plaintiffs also indicated their intent to question defendants about newly-obtained investigative materials about the accident itself, which we determine *would* be within the scope of the original corporate deposition of Standard Crane. *See* Doc. 51, att. 1, p. 104, ¶ 6 (notice of 30(b)(6) deposition of Standard Crane).

2019) (quoting *Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. A-07-CV-435 RP, 2009 WL 8541000, at *2 (W.D. Tex. Sept. 30, 2009)).

In *Garcia*, the court granted a motion to compel a non-party's "fact witness" deposition after that witness testified as to two topics listed on the notice of deposition that plaintiff issued to defendant pursuant to Fed. R. Civ. P. 30(b)(6). *Id.* at *2-4. *Garcia* does not address the potential problem of duplicative questioning raised by defendant here. But *Garcia* draws on *Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. A-07-CV-435 RP, 2009 WL 8541000 (W.D. Tex. Sept. 30, 2009), which does.

In *Sw. Bell Tel., L.P.*, the court declined to issue a protective order quashing the individual deposition of a CEO who had already testified as a Rule 30(b)(6) deponent. *Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. A-07-CV-435 RP, 2009 WL 8541000, at *2 (W.D. Tex. Sept. 30, 2009). That court found that "relevant legal authority clearly permits an individual to be subject to two depositions where one is taken in a representative capacity and the other in an individual capacity" and that defendant could not bear the "heavy burden necessary to quash a deposition in is entirety" by reference to "cursory assertions" of undue burden and harassment. *Id.* at *3. The court also noted the possibility that a second deposition "could easily be used to cover topics fully addressed in his first deposition" and therefore "cautioned" plaintiff to "restrict questioning [ . . .] appropriately so as to minimize duplication and reduce the burden" on "a deponent required to undergo a second deposition." *Id.* (alteration added).

To the extent that Shelton and David were questioned as to their individual knowledge and actions in the Rule 30(b)(6) deposition, they were already deposed in their individual capacity. When a corporate deponent is designated to testify as to certain 30(b)(6) topics, although he may "provide individual testimony about additional relevant topics, that testimony should not normally

be considered to be offered on behalf of the corporation unless the witness is also an officer or managing agent of the firm." 8A Richard L. Marcus, Federal Practice and Procedure (Wright & Miller) § 2103 (3d ed. 2022). Generally speaking, plaintiff must obtain leave of court to depose an individual again if "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(2)(A)(ii). Because "the prime objective of the one–deposition provision in Rule 30(a) is to guard against imposing burdens on an individual deponent," we consider the one-deposition rule to be in effect to the extent that Shelton and David have already testified in their individual capacities. Richard L. Marcus, Federal Practice and Procedure (Wright & Miller) § 2104 (3d ed. 2022).

When a party seeks leave to take a second deposition of an individual deponent, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b) (1) and (2) allow discovery of nonprivileged matters relevant to a party's claim or defense and proportional to the needs of the case, subject to the prerogative of the court to limit the frequency or extent of discovery that is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26. Here, the court finds that it would be unreasonably cumulative or duplicative to allow plaintiff to obtain additional testimony from Shelton and David as to topics on which they have already provided testimony. The court further finds that plaintiff shows good cause for deposing Shelton and David on topics outside the scope of the Standard Crane 30(b)(6) notice, such as their relationship with Mr. Arrant and conversations with his family members.

Defendants move for a protective order prohibiting further depositions of Shelton and David, incorporating and referencing the arguments raised in their opposition to the motion to compel. Doc. 55. Upon motion of a party or person from whom discovery is sought, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense[ . . . ]." Fed. R. Civ. P. 26(c)(1). The burden is on the person seeking protective order to show why protection is warranted. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). To meet this burden, the movant must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)).

As to any topics Shelton and David already addressed in their prior depositions—including the facts about the accident itself—defendants carry their burden of showing a protective order is warranted because additional questioning on these topics would be unnecessarily cumulative and duplicative. As to the new topics plaintiffs identify, such as personal relationships and conversations, Shelton and David have *not* already addressed these topics, and defendants *do not* carry the burden of showing a protective order is warranted.

Finally, the court refers the parties to the Advisory Committee Notes to the 2020 amendments to Rule 30 of the Federal Rules of Civil Procedure, which encourages litigants to discuss foreseeable "process issues" such as this in advance to avoid later disagreements:

> Candid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination, and enable the organization to designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements. It may be productive also to discuss "process" issues, such as the timing and location of the deposition, the number of witnesses and the matters on which each witness will testify, and any other issue that might facilitate the efficiency and productivity of the deposition.

Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment.

## IV.
### CONCLUSION

For the foregoing reasons, the Motion to Compel [doc. 49] is **GRANTED IN PART** to allow plaintiff to take individual depositions of Shelton and David to address topics not already

addressed by their prior testimony.  The Motion for Protective Order [doc. 55] is **GRANTED IN PART** to preclude plaintiff from addressing topics already addressed in Shelton's and David's prior testimony; with this prohibition to include questioning regarding the day of the accident.  The motion for attorneys' fees is **DENIED**.

    THUS DONE AND SIGNED in Chambers this 4th day of April, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE